TOWNSHEND *v.* MAYOR, ETC., OF CITY OF NEW YORK *et al.*

*(Superior Court of New York City, General Term.* January 5, 1891.)

NOTICE OF APPEAL—INSUFFICIENCY.

A notice of appeal which does not ask for a review of the order directing entry of the judgment appealed from is insufficient to sustain a reversal of such judgment.

Appeal from special term.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*Edward H. Hawke,* for appellant. *John Townshend,* for respondent.

PER CURIAM. The notice of appeal to the court does not ask to review the order of the court below which overruled the demurrer, and directed the interlocutory judgment appealed from. That order is not, therefore, before us for review; and, as the interlocutory judgment was entered in conformity with the order, the judgment was rightly entered, and cannot be reversed while the order directing the entry of such judgment stands. *Campbell* v. *Cotton Exchange,* 47 N. Y. Super. Ct. 560. Judgment affirmed, with costs.

---

WOLKOFF *v.* TEFFT *et al.* ·

*(Superior Court of New York City, General Term.* January 5, 1891.)

CREDIBILITY OF WITNESS—EVIDENCE.

When it appears, upon the cross-examination of a witness, that he has been convicted of a criminal offense affecting his credit, he may, upon the redirect examination, testify as to his innocence thereof, though the record of his conviction be produced.

Appeal from jury term.

Jacob Wolkoff sued W. E. Tefft and others, and appeals from judgment. for defendant dismissing the complaint, and from order denying his motion. for a new trial made upon the judge's minutes.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Henry Morrison,* for appellant. *Palmer & Boothby,* for respondents.

PER CURIAM. The plaintiff was a witness in his own behalf as to important matters. On his cross-examination he testified that he had been arrested about some coats; that a party he was with stole the coats, and that he (the plaintiff) was arrested and convicted, and served his term in the house of refuge. On redirect examination, he was asked, were you guilty or innocent. of that transaction? The counsel for defendant did not object to the form of the question, but objected to it as immaterial and irrelevant. The witness. had a right to show his innocence, and, if possible, to relieve himself from the unfavorable inference that might be drawn from the facts of his conviction. No record of that had been produced, but, if it had been, it would not have been conclusive of plaintiff's guilt. *Sims* v. *Sims,* 75 N. Y. 467. Judgment and order reversed, and new trial granted, with costs to abide the event.